UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WILLIAM R. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04141-MMM |
| | ) | |
| HILL CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, alleges Defendant violated his Eighth Amendment rights through deliberate indifference to his serious medical needs.

A. Motion to Request Counsel

Plaintiff's Motion to Request Counsel is before the Court. Doc. 4.

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not shown a reasonable attempt to secure counsel on his own behalf. Plaintiff may renew his motion upon demonstrating a reasonable attempt to secure counsel. A reasonable attempt to secure counsel normally entails writing to several attorneys who practice prison civil rights law, explaining the details of this specific case,

and requesting representation. Copies of the letters sent, along with copies of responses received, should then be filed as attachments to any renewed motion. Motion denied.

B. Merit Review

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**Defendants.** Plaintiff names Hill Correctional Center as Defendant.

**Factual allegations.** Plaintiff alleges he entered Hill Correctional Center in April 2025. He alleges he had an existing shoulder injury. He alleges he was provided pain medication but did not have relief from his shoulder pain. On an undisclosed date Plaintiff was seen by a Nurse Practitioner named Kramer. She said she would arrange for a low bunk for Plaintiff and would request an MRI for his shoulder. These things did not occur. Plaintiff was then seen by another nurse who provided a low bunk permit and MRI referral at an orthopedic hospital.

**Legal standard.** Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014).

**Analysis.** First, Hill Correctional Center is not a suable entity. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Plaintiff does not allege that any individual knew of Plaintiff's serious medical need and was intentionally indifferent to it. The closest he comes in his allegations regarding his discussion with NP Kramer, though he does not name her as a Defendant and it is far from clear that he wants to sue her. Even if he did name Kramer, he does not allege Kramer took no action, and it is just as likely that Kramer's intervention led to him being seen and provided the low bunk permit and referral. See *Pyles*, 771 F.3d at 411-12.

Naming a responsible individual is crucial, because "the division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "Even assuming" that some individual was "aware of the conditions [at issue]," where "there is no evidence that their positions within the prison charged them with any responsibility for the conditions in that unit or gave them the authority to change those conditions," they cannot be held to account for the "conditions [the plaintiff] has described." *Adams v. Reagle*, ---F.4th ---, No. 21-1730, 2024 WL 340045, at *11 (7th Cir. Jan. 30, 2024) (applying *Burks*).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew for the reasons and in the manner stated above.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff is allowed 21 days to file an amended complaint if he believes he can state a claim consistent with the legal standards described in this Order. If he does not amend the action will be dismissed without prejudice.

Entered this 20th day of January, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE